UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA, | ) | CIV. 07-5049 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER QUASHING SUBPOENA |
| CHAD JOHN WILSON and JOHN J. MIDMORE, | ) ) ) | |
| Defendants. | ) | |

Pending before the court is the United States of America's ("government") motion to quash a subpoena issued in South Dakota state court and served on the government by Chad John Wilson and John J. Midmore, defendants in a state court criminal action. The state court subpoena is directed to the United States Attorney for the District of South Dakota and seeks copies of all documents seized in connection with a pending federal criminal prosecution, United States v. Napier, et al., CR 07-50015.

The basis for the government's motion to quash the subpoena is that the sovereign immunity of the United States prevents a state court from ordering the government to obey a subpoena. Further, the United States argues that the only proper method for Mr. Wilson and Mr. Midmore to obtain the records they request is by following regulations promulgated by the United States Department of Justice at 28 C.F.R. §§ 16.21 *et seq.*, Touhy v. Ragen, 340 U.S. 462 (1952).

In response to the government's motion to quash, Mr. Wilson and Mr. Midmore, apparently conceding that the government's position is correct, ask this court to convert their state court subpoena to a request pursuant to 28 C.F.R. § 16.21.

Section 16.22 of title 28 of the Code of Federal Regulations prohibits an employee of the Department of Justice ("DOJ") from disclosing any information pursuant to a demand issued in a state case without prior approval of the proper DOJ officials in accordance with 28 C.F.R. §§ 16.24 and 16.25. See 28 C.F.R. § 16.22(a). If the party seeking disclosure wishes to obtain documentary evidence as opposed to oral testimony, the United States Attorney must request that the party provide a summary of the information sought and its relevance to the proceeding. Id. at subsection (d). Whether, after compliance with such procedures, the requested information shall be disclosed is subject to the deference and judgment of the DOJ attorney charged with the duty of revealing and furnishing information requested pursuant to 28 C.F.R. § 16.21 *et seq*. See 28 C.F.R. §§ 16.23(a), 16.26. If the party requesting the documents disagrees with the DOJ attorney's decision not to produce any documents, the proper avenue is to appeal within the DOJ, with an appeal to the court under the Administrative Procedures Act only after final agency action by the DOJ. See 28 C.F.R. §§ 16.23-16.29.

The government in this case issued a letter to Mr. Wilson and Mr. Midmore making the request for a summary of the information sought and its

relevance to the proceeding in accordance with 28 C.F.R. § 16.22(d).  See attachment to Wilson & Midmore's Motion to Convert Subpoena [Docket No.7].  No evidence has been submitted to the Court that the government's request has been complied with.

It is clear that Mr. Wilson and Mr. Midmore did not comply, and still have not complied, with the requirements of 28 C.F.R. §§ 16.21 *et seq.*  No argument has been raised questioning the validity of the DOJ's regulations.  Accordingly, the court cannot simply convert the subpoena to a request under 28 C.F.R. §§ 16.21 *et seq.*, because the subpoena does not comply with those regulations.  Accordingly, it is hereby

ORDERED that the government's motion to quash [Docket No. 2] is granted.  It is further

ORDERED that Mr. Wilson and Mr. Midmore's motion to convert [Docket No. 7] is denied.  Nothing in this order prevents Mr. Wilson or Mr. Midmore from serving a proper request for documents upon the government in accordance with the requirements of the appropriate regulations discussed above.

Dated July 16, 2007.

                                        BY THE COURT:

                                        /s/ *Veronica L. Duffy*
                                        VERONICA L. DUFFY
                                        UNITED STATES MAGISTRATE JUDGE